UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUTO-OWNERS INSURANCE CO.,

        Plaintiff,

v.                                        Case No. 10-C-783

SHARON BREVIK,

        Defendant.

**DECISION AND ORDER**

This case was removed from Forest County Circuit Court on the basis of diversity jurisdiction. Plaintiff has now moved to remand the action to state court on the ground that the Defendant, Sharon Brevik, is a resident of Wisconsin, which would mean that no diversity of citizenship exists. For the reasons given below, the motion to remand will be granted.

The question is whether, for jurisdictional purposes, Brevik is domiciled in Wisconsin or Idaho, as she claims.[1] Plaintiff admits that it is a "close call" because Brevik had strong ties to both states. But it argues that because the burden is on Brevik to establish federal jurisdiction, the close call should be resolved against her. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers,*

---

[1] Although Plaintiff is a Michigan corporation, which would create diversity regardless of Brevik's citizenship, a defendant like Brevik cannot remove to federal court if she is sued in her own state courts. Thus, removal is only proper if Brevik is an Idaho citizen. 28 U.S.C. § 1441(b).

*Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). "When the facts that determine federal jurisdiction are contested, the plaintiff must establish those facts by a preponderance of the evidence." *Muscarello v. Ogle County Bd. of Com'rs,* 610 F.3d 416, 424 (7th Cir. 2010).

The key factors in establishing domicile for diversity purposes are whether, at the time the action was commenced, the party was physically present in the state in question and had an intent to remain there. *Denlinger v. Brennan,* 87 F.3d 214, 215 -216 (7th Cir. 1996) ("it takes physical presence in a state, with intent to remain there, to establish domicile.") In "complex cases, courts have tried to glean intent from various factors: current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments." *Ner Tamid Congregation of North Town v. Krivoruchko,* 620 F. Supp.2d 924, 931 (N.D. Ill. 2009).

Plaintiff points to several facts as indicia of Brevik's domicile in Wisconsin. First, she has maintained a Wisconsin driver's license since 2000, and she has no license issued by any other state, including Idaho. She owns three cars, all of which are licensed in Wisconsin. She has a bank account in Crandon, Wisconsin, into which her Social Security checks are directly deposited. She owns two properties in Crandon, including a home she inherited from her parents. She was living in Wisconsin at the time this lawsuit was filed, and has no concrete plans to return to Idaho on any kind of permanent basis. (She was planning to return to Idaho on October 11 and then take a cruise from October 16 to December 1. (Dkt. # 18, Ex. A at 33-34.)) Plaintiff also notes that Brevik has claimed under oath that her Crandon residence is her *primary* residence for various tax purposes, including a Wisconsin state lottery credit.

2

Brevik argues, however, that her Wisconsin residence is merely a summer home. She has come here from May through September since 2005 (although she stayed until mid-October this year) but spends the rest of the year in Idaho, as evidenced by the change of address forms she fills out for the Postal Service. In November 2008 she voted in Idaho. Moreover, her travel business is located in Idaho with a toll-free number located there and all business records kept there. Finally, she explains that she keeps her Wisconsin driver's license so that she can obtain a resident discount on annual fishing licenses.

Plaintiff responds by noting that Wisconsin is not just a typical "summer home" but a place Brevik visits for nearly half of every year. In addition, she has maintained this relationship with the state for decades, whereas her other residences (Idaho, California) have been much more fleeting. Brevik is in the travel business and apparently moves around a lot, but residence in Wisconsin is a constant in her life. And if she travels significantly when she is neither in Wisconsin nor Idaho, that time cannot be "counted" in the Idaho column. As for her driver's license, Plaintiff mocks the notion that Brevik would maintain Wisconsin driver's licenses merely for the ability to save $30 per year by getting a resident fishing license. Finally, Plaintiff notes that the insurance policy at issue in this lawsuit was issued through a Wisconsin insurance agency and covered a Wisconsin-registered car.

Both sides concede that this is a close case, and that is undoubtedly true. The burden is on Brevik to establish federal jurisdiction, however, and I conclude she has not done so here. Many of the reasons cited by the Plaintiff are compelling, but perhaps most telling is that Brevik took the affirmative step of signing a Forest County form indicating that her property there was her primary residence, and there appears to be no material change to her life patterns since she signed that form

3

in 2008. She has two properties here and three cars registered in Wisconsin, plus an active Wisconsin driver's license and no license in Idaho. These factors satisfy me that her domicile is in Wisconsin.

The inquiry into domicile can quickly become an artificial and mechanical exercise, and thus it is important to avoid getting bogged down in minutia and losing sight of the reason diversity jurisdiction exists in the first place. In essence, Congress has afforded citizens a federal forum as an alternative to state court, on the theory that a citizen of State A might not receive a fair trial if forced to litigate in the courts of State B. Here, of course, such concerns are utterly absent. A long-time resident of Wisconsin with two properties and three cars here will surely face no prejudice if she is made to litigate in Wisconsin's courts. (If anything, the out-of-state insurance company would be more likely to have such concerns.) The fact that Brevik has significant ties to another state is hardly unusual, and need not even be revealed to a Wisconsin jury (should the case require a jury). After all, the dispute is over the insurance policy issued by Plaintiff; the fact that the car accident underlying this case occurred in Idaho is purely incidental. The Seventh Circuit cited similar considerations in reaching a similar conclusion in *Galva Foundry Co. v. Heiden:*

> Unfortunately, in this age of second homes and speedy transportation, picking out a single state to be an individual's domicile can be a difficult, even a rather arbitrary, undertaking. Domicile is not a thing, like a rabbit or a carrot, but a legal conclusion, though treated as a factual determination for purposes of demarcating the scope of appellate review. And in drawing legal conclusions it is always helpful to have in mind the purpose for which the conclusion is being drawn. The purpose here is to determine whether a suit can be maintained under the diversity jurisdiction, a jurisdiction whose main contemporary rationale is to protect nonresidents from the possible prejudice that they might encounter in local courts. This argues for finding the defendant, Mr. Heiden, to be a domiciliary of the same state as the plaintiff, Galva-that is, Illinois. Heiden is a long-time resident of Illinois and unlikely therefore to encounter hostility in its state courts.

924 F.2d 729, 730 (7th Cir. 1991).

In sum, I conclude that this case is not the sort of action that lends itself to serving the purposes of removal jurisdiction. Brevik has substantial ties with Wisconsin and has not met her burden of showing that Idaho is her domicile. Accordingly, the matter is **REMANDED** to Forest County Circuit Court for further proceedings.

**SO ORDERED** this   28th   day of October, 2010.


    s/ William C. Griesbach
William C. Griesbach
United States District Judge